1 | MELINDA HAAG (CABN 132612)
United States Attorney

2

3 | DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

4 | BRIGID S. MARTIN (CABN 231705)
Assistant United States Attorney

5 |     1301 Clay Street, Suite 340S
    Oakland, California 94612

6 |     Telephone: (510) 637-3680
    FAX: (510) 637-3724

7 |     brigid.martin@usdoj.gov

8 | Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4-15-70673 MAG |
| | ) | |
| v. | ) | ORDER FOR DETENTION PENDING REMOVAL TO AND APPEARANCE IN ANOTHER DISTRICT |
| DAVID ALLEN (ALLAN) BELL, | ) | |
|    a/k/a Donte Borae, | ) | |
|    Defendant. | ) | |

    Defendant David Bell was arrested on May 22, 2015, in this District on a federal warrant issued following his 2010 Indictment in the Western District of Missouri on charges of conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B); money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (h); and structuring and aiding and abetting, in violation of 31 U.S.C. § 5342(a) and 18 U.S.C. § 2.

    On May 27, 2015, the defendant appeared before this Court pursuant to Federal Rule of Criminal Procedure 5, and was informed of the charges against him. On May 28, 2015, the defendant was arraigned on the charges and waived identity and removal to the Western District of Missouri. The

Order of Detention
4-15-70673 MAG

government moved for detention pursuant to 18 U.S.C. § 3142, pending removal and the defendant's appearance in Missouri, and requested a detention hearing under 18 U.S.C. § 3142(f). Given the nature of the crime charged, there is a rebuttable presumption that no conditions or combination of conditions will reasonably assure the appearance of the defendant as required, or the safety of any other person and the community. *See* 18 U.S.C. § 3142(e)(3)(A).

On June 1 and June 2, 2015, the Court held a detention hearing. The Court considered the Pretrial Services bail study, oral proffers of counsel as reflected on the record, and offers to sign secured and unsecured bonds by two family-member sureties, and the factors set forth in 18 U.S.C. § 3142(g). The Court ordered the defendant detained, finding that the presumption pursuant to 18 U.S.C. § 3142(e)(3)(A) had not been rebutted by the defendant, and no condition or combination of conditions in 18 U.S.C. § 3142(c) would reasonably assure the appearance of the defendant as required, and the safety of any other person and the community.

Specifically, the Court took note of the following information introduced at the hearing: the defendant's reported flight the day before the Indictment was returned, the defendant's attempts to conceal his whereabouts since 2010; the reports that family members and his significant other did not have, or were not providing the Court with, accurate information about the defendant's residence; the recent phone call to the Western District of Missouri to confirm that the Indictment was still pending; the outstanding state warrant issued after law enforcement found a gun in defendant's storage locker in 2010; law enforcement's recovery of over 500 marijuana plants, a rifle, and ammunition at defendant's current residence at the time of his arrest in this case; and the indicia and statements of the defendant reflecting that he does not recognize the Court's jurisdiction. Given these facts, the Court found the proposed sureties insufficient. Therefore, the defendant is ordered detained as no condition or combination of conditions will reasonably assure the appearance of the defendant as required, or the safety of any other person and the community.

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. 18 U.S.C. § 3142(i)(2). The defendant must be afforded a reasonable opportunity to consult privately with counsel. 18 U.S.C. § 3142(i)(3). On order

Order of Detention
4-15-70673 MAG

1  of a court of the United States or on request of an attorney for the government, the person in charge of
2  the corrections facility must deliver the defendant to the United States Marshal for court appearances.
3  18 U.S.C. § 3142(i)(4).

5      IT IS SO ORDERED.

8  DATED: June 3, 2015

                          HON. DONNA M. RYU
                          United States Magistrate Judge

Order of Detention
4-15-70673 MAG